F I L E D
CLERK OF COURT
2024 OCT I I PM 3: 44
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>vs.<br><br>FRANKLIN CHARGUALAF TAITAGUE, JR.,<br>DOB: 05/14/1982<br><br>Defendant. | CRIMINAL CASE NO. CF0666-18<br><br><br>**DECISION AND ORDER**<br>*Re: Motion for New Trial* |

This matter came before the Honorable Arthur R. Barcinas on July 24, 2024, for a continued hearing on Defendant's Motion for New Trial due to potential juror dishonesty. Defendant Franklin Chargualaf Taitague ("Defendant") was present with Assistant Public Defender Brian Eggleston. Assistant Attorney General Christine Tenorio represented the People of Guam ("the People").

### INTRODUCTION

Defendant moves the Court for a new trial on the grounds of alleged juror bias. The defense contends that two jurors failed to disclose pertinent information during *voir dire*. Had these disclosures been made, the defense asserts it would have had grounds to challenge the jurors for cause. The loss of this opportunity, according to the defense, compromised the integrity of the trial, culminating in a guilty verdict.

The Motion for New Trial is predicated on information obtained post-trial, after the alternates were released and the jurors commenced deliberations. The Court conducted a *voir*

*dire* of the identified jurors and the jury panel to evaluate any potential impact and held subsequent evidentiary hearings in response to the defense's motion.

After thoroughly considering all the relevant evidence, applicable law, and the record, the Court finds that the defense has not met the requisite burden to justify granting a new trial. Accordingly, the Court **DENIES** the Motion for New Trial.

## BACKGROUND

On March 23, 2023, during jury deliberations, the Court advised counsel that it had been informed by the marshals that, Juror 4, had had a family member arrested (the "arrestee") and brought to court on a separate child support case, and that the arrestee had been asking the marshals to notify Juror 4 so that she could post bail. The Court scheduled a *voir dire* to question Juror 4, who was called before the Court and asked whether she knew the arrestee. Juror 4 stated under oath that the arrestee was the father of her children, that she was no longer with him, and that his arrest would not affect her ability to remain fair and impartial. Defense counsel immediately asked Juror 4 whether the arrestee had physically abused her, which she confirmed, and the defense stated its intent to move for mistrial. Defense counsel then asked her if she would be able to remain fair and impartial, which she also confirmed. The People then asked Juror 4 if her incident with the arrestee was a charged case, to which she replied that she did not know.

The defense stated that it would be filing a Motion for Mistrial, alleging that when the jurors were asked in the first *voir dire* whether they had been the victim of a crime and whether they could remain impartial, Juror 4 did not reveal that she had allegedly been a victim of domestic abuse by the arrestee in another case, CM0317-22. The People stated that, in their screening, Juror 4's name did not appear as a victim in any case, but added that Juror 4 had told

the People that she had a child support case pending. Juror 4 then requested to make an independent statement affirming that she would remain impartial. The Court noted that the question posed by the Court in the initial *voir dire* was a two-part question: (1) Have you yourself or any member of your close family or friends been the victim of a crime; and (2) would that experience cause you to be unfair to one side of the other? The Court stated that, based on Juror 4's responses, the second part of the question appeared to be why Juror 4 did not answer in the affirmative. The matter was then continued to the afternoon.

On the same day, the defense filed a Motion for Mistrial, and the Court reconvened at 2:22 PM to hear the motion. The Court first called the entire jury panel to determine whether Juror 4 had shared any details regarding her time in court that day. The jurors said she did not. The Court then asked the jurors, including Juror 4, under oath if they would be able to remain impartial and be able to continue deliberating. The jurors said that they would. The Court then requested the jurors to return to deliberation.

Upon review of the Motion for Mistrial and Juror 4's statements, the Court held that it is the duty and obligation of the trial court to make an assessment and to inquire into the jurors' state of mind and their ability to continue to conduct their work in a fair and impartial manner in deciding this case. The Court then found that it had confirmed the limited amount of information conveyed to the jurors was sufficient not to inject any extraneous material that would improperly influence their decision. The Court confirmed, and each juror affirmed under oath in open court, that they could be fair and impartial in deciding this case, including Juror 4. Ruling from the bench, the Court found that, in assessing the answers of Juror 4 with respect to the disclosure, the Court did not see Juror 4's lack of response as an intentional omission, and that the juror was truthful and forthright when directly asked about the information. The Court

further found that Juror 4 had no reason to know that a case had been filed, or that the Public Defender would be representing the arrestee, until she was asked by the Public Defender during the March 23, 2023 *voir dire*. Finally, the Court found that all jurors appeared to be truthful and unaffected by the events and information, to the extent the information was disclosed, and that Defendant did not sufficiently meet his burden of establishing bias on the part of Juror 4, or demonstrate that Juror 4 acted with malice, ill will, or in any manner such that would subvert her duty to decide the case in a fair and impartial manner. Accordingly, Defendant's Motion for Mistrial was denied.

On March 31, 2023, Defendant filed the instant Motion for New Trial, restating its claims about Juror 4 from the Motion for Mistrial, and further alleging that Juror 8 had also not revealed that he was the victim of a crime when asked by the Court during *voir dire*.

On April 13, 2023, the People filed their Opposition to the Motion for New Trial, arguing that Defendant had not demonstrated dishonesty on the part of Juror 4 or Juror 8, but had merely speculated that the jurors were biased.

After a series of continuances requested by both parties, the Court held an evidentiary hearing on May 14, 2024, to take testimony from three witnesses on this issue: Juror 4, Juror 8, and Cianna R. Elliot, victim advocate supervisor for the Office of the Attorney General.

At that hearing, defense counsel stated that subpoenas had been issued for all three witnesses, but only Juror 8 and Elliot were able to attend the hearing because Juror 4 had a long-standing medical appointment. Because of the importance of her testimony, counsels proposed to take testimony of the two available witnesses and come back at a later time to take the testimony of Juror 4. The Court admitted the testimony of the two present witnesses and issued an Order to Show Cause on Juror 4.

On July 24, 2024, the Court held a hearing on the Continued Motion for New Trial and Order to Show Cause, heard arguments from both parties, and subsequently took the matter under advisement.

<u>**DISCUSSION**</u>

Defendant argues that he is entitled to a new trial based on the alleged failure of two jurors to answer *voir dire* questions honestly.

**I. Legal Standard**

Pursuant to 8 G.C.A. § 110.30(a), "[t]he court on motion of a defendant may grant a new trial to him if required in the interests of justice." "A motion for a new trial based on any ground other than the ground of newly discovered evidence shall be made within seven (7) days after verdict or finding of guilty or within such further time as the court may fix during the seven-day period." *Id.* § 110.30(d). "A new trial is a reexamination of the issue in the same court, after a finding by the court has been given, or by another jury, after a verdict has been given." *Id.* § 110.10. "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument or be pleaded in bar of any conviction which might have been had under the indictment, information or complaint." *Id.* § 110.20.

The Guam Supreme Court has held that "Section 110.30(a) is substantively similar to Federal Rules of [Criminal] Procedure ("FRCP") Rule 33(a), and this court has looked to federal case law on FRCP 33 for guidance." *People v. Messier*, 2014 Guam 34 ¶ 12 (citing *People v. Leslie*, 2011 Guam 23 ¶ 15 n.1). Pursuant to FRCP 33(a), federal appellate courts have generally found that trial courts do not abuse their discretion in declining to order a new trial based on a juror's nondisclosure of information. *See U.S. v. Mulligan*, 573 F.2d 775 (2nd

Cir. 1978) (finding trial court did not abuse its discretion in failing to order new trial of former policeman because of one juror's failure to disclose her arrest four years prior); *U.S. v. Wayman*, 510 F.2d 1020 (5th Cir. 1975) (finding that defendant was not entitled to new trial in absence of any showing of bias when the court asked if any jurors had business dealings with any defendant, and juror worked for a subsidiary of a company that had done business with defendant but remained silent); *Welch v. U.S.*, 371 F.2d 287 (10th Cir. 1966) (finding that a juror who, when asked during *voir dire* if any close relatives had been involved in litigation before the court did not disclose that his father had been disbarred by that court 29 years prior, did not commit jury misconduct such as would entitle defendant to a new trial).

The Supreme Court has also held that, while a trial judge has significant discretion to grant a motion for new trial, grants of such motions are generally disfavored. *Messier*, 2014 Guam 34 ¶¶ 13-14. In reviewing a trial court's decision regarding a motion for new trial, however, the Supreme Court has stated that it "review[s] a trial court's decision only for an abuse of discretion and give[s] substantial deference to the trial court," on the grounds that "[t]rial courts preside over the jury and listen to all of the evidence." *Id.* ¶ 14; *Leslie*, 2011 Guam 23 ¶ 19.

a. The *McDonough* test

Defendant challenges the impartiality of the two jurors under the test in *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984). In *McDonough*, the Supreme Court found that an appellate court was mistaken in deciding that respondents were entitled to a new trial because a juror had failed to respond affirmatively to a question on *voir dire* seeking to elicit information about previous injuries to members of the juror's immediate family. To obtain a new trial under the *McDonough* test, "a party must first demonstrate that a juror failed to

answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Id.* The motives for concealing information may vary, but only those reasons that affect a jury's impartiality can truly be said to affect the fairness of a trial. *Id.*

The *McDonough* test is the general rule of determining whether a new trial is warranted due to alleged jury dishonesty. However, "[t]he binary test set forth in *McDonough* is not a be-all-end-all test to be viewed without context. Rather, the fundamental purpose of the test is to answer the crucial, overarching trial inquiry: was the juror biased, and, if so, did that bias affect the fairness of the trial?" *Scott v. Arnold*, 962 F.3d 1128, 1131 (9th Cir. 2020) (quoting *Faria v. Harleysville Worcester Ins. Co.*, 852 F.3d 87, 96 (1st Cir. 2017)).

The Ninth Circuit has found that, under *McDonough*, a defendant must still demonstrate that a truthful answer from the jurors would have provided a valid basis to strike the jurors for cause. In order to disqualify the jurors for cause, there must be a showing of either actual or implied bias, i.e., bias in fact or bias conclusively presumed as a matter of law. *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000).

Actual bias exists when, as the term suggests, the juror is in fact biased for or against one of the parties, thereby precluding her from rendering a fair and impartial verdict. *United States v. Gonzalez*, 906 F.3d 784, 796 (9th Cir. 2018). Most of the cases in which actual bias has been found involved jurors who either stated that they could not be impartial or who, after expressing views adverse to one party, equivocated when asked if they could set aside those views and evaluate the evidence fairly and impartially. *Id.* at 796-97.

Under the implied bias doctrine, bias will be conclusively presumed in certain circumstances even if the juror professes a sincere belief that she can be impartial. *Id.*, at 797.

The Ninth Circuit has held that juror bias will be presumed only in the extreme situation where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances. *United States v. Kvashuk*, 29 F.4th 1077, 1092 (9th Cir. 2022). Examples of this relationship include when the juror has had a personal experience similar or identical to the fact pattern at issue in the trial, when the juror is aware of highly prejudicial information about the defendant which no ordinary person could be expected to put aside in reaching a verdict, or the juror lies about *voir dire* facts. *Id.*

"Even where, as here, the two parts of the *McDonough* test have been satisfied, a juror's bias is only established under *McDonough* if the juror's motives for concealing information or the reasons that affect the juror's impartiality can be truly said to affect the fairness of the trial." *Scott*, 962 F.3d at 1131. (quoting *Conaway v. Polk*, 453 F.3d 567, 582-89 (9th Cir. 2006). "Under *McDonough*, a new trial is warranted only if the [trial] court finds that the juror's voir dire responses were dishonest, rather than merely mistaken, and that her reasons for making the dishonest response call her impartiality into question." *Id.* (quoting *Pope v. Man-Data, Inc.*, 209 F.3d 1161, 1164 (9th Cir. 2000). *See also U.S. v. Brugnara*, 856 F.3d 1198, 1211-12 (9th Cir. 2017) (denying relief under the *McDonough* test because, even though the court assumed a juror had been dishonest, there had been no showing that the dishonesty concealed a valid for-cause challenge).

**II. Juror 4**

Defendant provides little to no factual information in the Motion for New Trial regarding Juror 4, making it necessary for the Court to refer to the March 23, 2023 Motion for

Mistrial to understand Defendant's arguments regarding Juror 4. In the Motion for Mistrial, Defendant alleged the following facts relevant to the Court's analysis:

1. On March 23, 2023, the day after the jury began deliberations, "the court alerted the attorneys that there was a problem with one of the jurors, namely, that her 'husband' had been arrested by the court marshals that morning for not paying restitution." Mot. For Mistrial, at 1.

2. The court set a hearing for 11:20 a.m. on March 23, 2023.

3. Before the trial, Juror 4 had told the court that she had a child support case.

4. All the jurors were asked in *voir dire* whether they had been the victim of a crime and whether they could remain impartial, and "[Juror 4] did not reveal that she had been assaulted by the father of her children last September." *Id.*

5. On March 23, 2023, at approximately 10:55 a.m., defense counsel's assistant discovered via a computerized search that Juror 4 was an alleged victim of domestic abuse in CM0317-22, in which the Public Defender represented the defendant and would thus be adverse to the juror.

6. Juror 4 claimed no knowledge of the above case.

7. The People had also conducted a computer search and had not found Juror 4's name.

8. At the March 23, 2023 hearing, Juror 4 stated that she could remain fair and impartial.

In their Opposition, the People alleged the following facts relevant to the Court's analysis:

1. On the day of the initial *voir dire*, the Court posed a question as to whether any potential jurors had an open case with the Attorney General's office, criminal or civil.

2. Juror 4 raised her hand and stated that she was a party to a child support case, which was later found to be the case the arrestee was arrested for.

3. On March 22, 2023, while the jurors were deliberating, the Court was informed that "the partner of Juror 4" had been arrested by the Superior Court of Guam marshals for a child support case, and the People and defense were summoned before the Court to *voir dire* Juror 4.

4. Juror 4 clarified that the arrestee was not her current partner and that she was not aware of the arrest.

5. During the March 23, 2023 *voir dire*, defense counsel asked Juror 4 if she had "claimed to be physically abused" by the arrestee.

6. Juror 4 confirmed she had been abused by the arrestee, after which defense counsel stated he would strike Juror 4 for cause.

7. The People then asked Juror 4 if the case was charged, and she stated that she did not know.

8. Juror 4 explained that she did not divulge that there was an open criminal case because she did not know whether charges were filed.

9. Juror 4 further stated that she was fair and impartial in this case, regardless of the arrestee's physical abuse.

10. During a recess, the People conducted research and informed the Court that Juror 4 was a named victim in an open family violence misdemeanor case, but her name had been spelled differently in the magistrate's complaint.

11. The People further stated that the Office of the Attorney General was last in contact with Juror 4 on the day of the magistrate hearing, and that further attempts to contact her had been unsuccessful.

During her testimony at the hearing on July 24, 2024, Juror 4 testified that the arrestee did commit violence against her, that she did not recall being asked or answering whether she was a victim, that she had eventually become aware that charges were made against the arrestee by the Attorney General before the jury trial in this case began, and that she did remember being asked several times whether she could be fair and impartial in this case, and answered in the affirmative each time. Hearing Tr. (July 24, 2024).

On May 14, 2024, Elliot, the victim advocacy supervisor, also stated that the victim advocacy unit was able to contact Juror 4 only once on September 13, 2022, to notify her of the magistrate hearing and that the arrestee's case was a criminal case. Hearing Tr., 14:30:00 (May 14, 2024). However, Elliot stated that the September 13, 2022 conversation was primarily to provide Juror 4 with information as to where to go for certain services. *Id.* at 14:54:00. Elliot stated that the unit was unable to reach Juror 4 after that. *Id.* at 14:31:00.

Under the *Mcdonough* test, a party must demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. *McDonough*, 464 U.S. at 556.

First, the Court does not find that Juror 4 failed to answer the Court's question honestly on *voir dire*. As the Court noted at the March 23, 2023 *voir dire*, the question posed by the Court in the initial *voir dire* was a two-part question: (1) Have you yourself or any member of your close family or friends been the victim of a crime; and (2) would that experience cause you to be unfair to one side of the other. Even if Juror 4 were aware that the arrestee's case had been charged, and that she was a named victim in that case, she was not required to answer in the affirmative if that experience did not cause her to be unfair to one side or the other. In light of that fact, to the extent that Defendant has provided sufficient evidence to demonstrate Juror 4's

purported knowledge as the victim of a crime, Defendant has not provided sufficient evidence to demonstrate that Juror 4's purported victim status would cause her to be biased to one side or the other. To the contrary, the record indicates that, in every instance where Juror 4 was asked – by the People, by defense counsel, and by the Court – whether she could be fair and impartial, she answered that she could, and Defendant does not seem to have challenged that statement at any point. Thus, the Court finds that Juror 4 did in fact answer honestly the question posed by the Court.

Further, upon consideration of these facts, the Court finds that Defendant did not satisfy the second *McDonough* criterion. Defendant has not sufficiently demonstrated whether a "correct" response would have provided a valid basis for a challenge for cause because Defendant has not demonstrated that Juror 4 was biased or, if any bias existed, that it would have affected the fairness of this trial. Defendant has not provided any proof of actual bias, and to the extent that dishonest answers to *voir dire* questions may constitute a basis for implied basis, the Court does not find that Defendant has provided sufficient proof that Juror 4's answers to the *voir dire* questions were any more a demonstration of falsehood than of mistake or misunderstanding. Thus, the Court does not find Juror 4's answers demonstrative of any bias towards or against either of the parties in this case, or that said answers meet the criteria of the *McDonough* test. Accordingly, the Court finds that Juror 4's answers to the initial *voir dire* questions provide no basis to find for a new trial.

**III. Juror 8**

In regards to Juror 8, Defendant offers little factual support, but presents only the argument that Juror 8 "was the victim in [CF0018-22], *People v. Jay Joshua Peter*, a case of aggravated Assault." Mot., at 1. Beyond this, Defendant offers no proof in his brief or argument

as to whether Juror 8 was deliberately untruthful or, if so, why or how that would demonstrate any bias on Juror 8's part.

In the Opposition, the People note that "Defendant speculates for the first time in his motion that Juror #8 is somehow biased because he was a named victim in a closed Aggravated Assault case wherein the Public Defender represented the defendant." The People further argue that, because the Court asked in the initial *voir dire* whether anyone had an open case with the Office of the Attorney General, it was not error for Juror 8 to remain silent because that particular case was no longer open at the time.

The Court finds that the challenge to Juror 8 also does not satisfy the *McDonough* criteria. At the hearing on May 14, 2024, Juror 8 testified that, despite being named as a victim by the AG's office regarding CF0018-22, he did not answer that he was a victim because he did not consider himself to be a victim in that case, since that defendant's actions were directed primarily at the woman that Juror 8 was attempting to help. Hearing Tr., 15:06:00 (May 14, 2024). Juror 8 further stated that he was contacted by the Attorney General's office regarding CF0018-22, and that they asked him if he wanted to sit in on the hearing, but that he declined and the Attorney General's office did not say that it was a criminal case. *Id.* at 15:02:00. Juror 8 further testified that, because CF0018-22 had been closed before the start of this trial, he no longer considered himself part of that matter. *Id.* at 15:07:00. Finally, Juror 8 stated that his oldest sibling works for the Public Defender's office, but that he did not disclose that fact during *voir dire* because he only remembered being asked if any family members were in law enforcement. *Id.* at 15:02:00.

Upon review of the record and the testimony, the Court again does not find that Juror 8's answers during *voir dire* indicate any deliberate dishonesty, and at most demonstrate only a

misunderstanding on his part. The Court also does not find that a purportedly correct answer by Juror 8 would have provided a valid basis for a challenge for cause, and Defendant has not sufficiently demonstrated the existence of actual or implied bias towards or against either party by Juror 8. Thus, neither of the *McDonough* factors are satisfied, and the Court finds that Juror 8's answers to its *voir dire* questions provide no basis to find for a new trial.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion for New Trial. The Court has scheduled further proceedings regarding sentencing for **October 17, 2024**, at **2 p.m.**

**IT IS SO ORDERED** _OCT 1 1 2024_ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
acknowledge that an electronic
Copy of the original was e mailed to
*AG , PDSC*

Date *10/11/24* Time *3:52pm*
*Albert Caldo* ᴧ
Deputy clerk , Superior Court of Guam